IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| ROCKY HILL | § | |
| VS. | § | CIVIL ACTION NO. 1:14cv494 |
| STATE OF TEXAS | § | |

SECOND SUPPLEMENTAL ORDER SEVERING THE CASE

As explained in the previous order granting plaintiff's motion to add plaintiffs, the plaintiffs and claims listed on page three of plaintiff's witness petition (docket entry no. 2) concerning claims of health issues allegedly caused as a result of the conditions of their confinement are being added to the above-styled action by this separate order for administrative purposes.

The plaintiffs in this action are proceeding *pro se* without the assistance of counsel. Multiple plaintiffs in prisoner *pro se* matters is not favored because of concerns with court security and the court's need to control the number of inmates inside the courtroom at any one time. Further, a multiple-party prisoner case is problematic because the litigants are non-lawyers who are proceeding *pro se* without the assistance of learned counsel.

The decision whether to sever or consolidate is discretionary with the court. *See Dillard v. Merrill Lynch, Pierce, Fenner Smith, Inc.*, 961 F.2d 1148, 1161 (5th Cir. 1992) (refusal to consolidate), *cert. denied*, 506 U.S. 1079 (1993); *Hammons v. Adams*, 786 F.2d 1253 (5th Cir. 1986) (severance); *see also Neal v. Williams*, No. 96-10688, slip op. at 9 (5th Cir. Nov. 20, 1996) (affirming severance of prisoner cases and denial of motion to consolidate).[1]

After reviewing all relevant factors, it is the opinion of the undersigned that the maintenance of this case as a single civil action will be problematic and poses a potential problem for court security. Accordingly, the case should be severed into separate civil actions. It is therefore

[1] While *Neal v. Williams*, is not binding precedent on the court, the undersigned finds the case persuasive as to the issue presently before the court.

**ORDERED** that the Clerk of Court is **DIRECTED** to add as plaintiffs in this action the name of each inmate listed on page three of plaintiff's witness petition. Additionally, it is

**ORDERED** that the claims of each plaintiff shall proceed as a separate action. Plaintiff Rocky Hill shall be the only plaintiff in this cause number. The Clerk of Court is **DIRECTED** to **SEVER** the claims of the newly added plaintiffs and assign separate civil action numbers. The resulting cases should be assigned according to the regular practice for allotment of newly-filed civil actions.

**SIGNED** this 4 day of December, 2014.

KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE